## CYRUS BACON *versus* ASA BACON.

C. gave his promissory note for $400 to the son of a testator, and the testator was bound to indemnify C. therefor, although he denied that he was under such liability. The testator afterwards delivered to C. two promissory notes for $221·85, which he held against such son, and took an accountable receipt therefor, it being agreed, that the testator should so alter his will as to take the sum of $375 out of the share therein bequeathed to his son, and should give his promissory note to C for $153·15, and that C. should thereupon have the receipt delivered up to him by the person with whom it was deposited. In pursuance of this agreement, the testator made the proposed alteration in his will by a codicil to which C. became a witness, and gave to C. his note and an order for the delivery of the receipt to him It was *held*, that as the payment made by the testator to C. was voluntary, in pursuance of a claim of right and under no mistake of fact, it could not be recalled; and that C. would not sustain any loss or inconvenience if the will should be set aside, and was therefore a credible witness within the meaning of *St.* 1783, *c.* 24, § 2. [Revised Stat. *c.* 62, § 6.]

THIS was an appeal from a decree of the judge of probate allowing and approving a codicil to the will of Daniel Bacon.

The following was one of the reasons of appeal :

Because the codicil was not attested by three credible witnesses, as is required by law, Simon Carpenter, one of the subscribing witnesses thereto, being directly interested in procuring the codicil to be made.

The parties stated a case.

It appeared, that there having been some difficulty between Carpenter and Cyrus Bacon, a son of the testator, Carpenter, for the purpose of settling it, gave to Cyrus his promissory note for the sum of $400 ; that the testator was bound to indemnify Carpenter therefor, although at the time of executing the codicil, he denied that he was under such liability ; that at a meeting between the testator, his two sons-in-law, and Carpenter, a few days before the date of the codicil, the testator delivered to Carpenter two promissory notes which he held against Cyrus, amounting with the interest to the sum of $221·85, and took from him a receipt, dated April 10, 1833, oy which Carpenter was to account for the notes, or return them when called for, if not called for under six months ; that it was then agreed, as appeared by a memorandum of that date, that the testator should so alter his will as to take the sum of $375 out of the portion therein given to Cyrus, and

should give his promissory note to Carpenter for the sum of $153·15, and that Carpenter should thereupon retain the notes against Cyrus, and should have the receipt which had been left with Henry Plimpton, one of the sons-in-law, delivered up to him ; that at the time of the execution of the codicil the testator, in pursuance of such agreement, gave to Carpenter his note, and also a writing addressed to Plimpton, dated April 12, 1833, in which he stated that he had altered his will in conformity with the agreement and directed Plimpton to deliver up the receipt to Carpenter ; and that in point of fact, such alteration was made by the codicil in question.

*Bacon*
*v.*
*Bacon.*

*Newton* and *Child*, for the appellant.

*Sept.* 29th

*Barton*, for the appellee.

SHAW C. J. delivered the opinion of the Court. This is an appeal from a decree of the Probate Court, establishing a codicil to the will of Daniel Bacon ; and the objection to the codicil is, that it was not attested by three credible witnesses, according to the requisitions of the statute.   *St.* 1783, *c.* 24, § 2.

*Oct.* 3d

In this Commonwealth it seems to have been considered, that " credible," in this statute, was equivalent to " competent," and that a witness must be competent at the time of the execution of the will.   *Amory* v. *Fellows*, 5 Mass. R. 219 ; *Sears* v. *Dillingham*, 12 Mass. R. 358 ; *Hawes* v. *Humphrey*, 9 Pick. 360. *

Taking this to be the rule, the question is, whether the witness Carpenter had any interest in the establishment or rejection of the codicil ; and the Court are of opinion, that he had not, and that he can neither secure to himself any pecuniary benefit, nor sustain any loss, whether the codicil be established or not.

The ground on which it is contended that Carpenter is interested is this, that the agreement of the testator to alter his will and the actual alteration of it, were the consideration on which the testator agreed to indemnify the witness, so as to charge the amount thus paid for his son Cyrus, upon the share

* The same principle is recognised by the Revised Statutes, *c.* 62, § 6. *Rep.*

of his estate given to him by the previous will, and therefore if the codicil is not established, the witness will be obliged to refund what he has received, as having been received on a consideration which has failed, and will also lose the note given him by the testator, as a note given without consideration. But we are of opinion that this proposition cannot be maintained, that the alteration of the will was in no legal sense the consideration of the payment of the $375 to the witness, nor would the failure to establish the will be such a failure of consideration, as would render the witness liable to refund.

The consideration of the payment, was the undertaking and promise of the testator, to indemnify the witness, to the extent of $375, against the claim of Cyrus Bacon on him for $400. It is found by the case, that Carpenter had a right to claim this indemnity, although the testator himself denied this right. But though he denied that claim, he yielded to it, and undertook provisionally to give that indemnity. It was a voluntary payment made in pursuance of a claim of right, and under no mistake of fact, and it could not afterwards be recalled. *Brisbane* v. *Dacres*, 5 Taunt. 144. The most that can be said of the agreement is, that the payment was to be conditional, and its completion suspended until the testator had had time to alter his will. But the order of the testator to Plimpton, the depositary of the receipt, announcing that he had altered his will and directing him to deliver up *Carpenter's* receipt for the notes, was a perfect performance of the condition, upon which the promise to indemnify became executed, absolute and complete, and could not be revoked. When the condition was performed, the case stood as if no such condition had been annexed ; and then it appears, that upon a claim of right, the testator undertook to indemnify the witness, and delivered over notes in part, and gave his own note for the balance, and thereby gave the indemnity required. In this view it becomes immaterial, whether he was under a previous obligation to grant such indemnity or not. It is sufficient that the testator consented, promised and undertook to give such indemnity, at the time it was given, and Cyrus Bacon's notes were delivered up and the testator's own note given for the balance in pursuance of that undertaking.

But if the alteration of the will was in some sense the con-
sideration, that is, the moving cause, or the actuating principle
upon which he was willing to give Carpenter the required indem-
nity, and therefore made a condition, it was for his own satisfac-
tion and convenience, not depending upon any thing to be done
or forborne by Carpenter, and therefore one which he might
waive, as he might at any time have revoked this codicil at his
pleasure. The order to Plimpton to deliver up the receipt
and complete the transaction, was a waiver of such condition,
rendering the transaction with Carpenter absolute and com-
plete. We cannot perceive that Carpenter would sustain any
loss or inconvenience, should this codicil fail to be estab-
lished, and therefore he was a competent witness and credible
within the statute.

*Decree of the judge of probate affirmed.*